UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD JOSUE SALGUERO
PORTILLO,

      Petitioner,

v.                                                    Case No.    2:26-cv-2076-SPC-KRH

WARDEN, GLADES COUNTY
DETENTION CENTER, et al.,

      Respondents.
_____/

## OPINION AND ORDER

Before the Court are Petitioner Ronald Josue Salguero Portillo's petition for writ of habeas corpus (Doc. 1) and the government's response to Salguero Portillo's petition (Doc. 10). For the reasons below, the Court grants the petition to the extent set forth in this Order.

## I.    Background

Salguero Portillo is a citizen and national of Guatemala who entered the United States in September of 2013. (Doc. 1-2 at 5). He is married and has one United States citizen child. (Doc. 10-1 at 8). On April 8, 2026, Salguero Portillo was taken into immigration custody after being stopped for a traffic violation. (Doc. 10 at 2; Doc. 10-1 at 7).

On April 21, 2026, an immigration judge denied Salguero Portillo's request for bond. (Doc. 10-1 at 22). The immigration judge first determined that it lacked jurisdiction to consider bond. (*Id.*) Alternatively, the immigration judge found that—due to seven separate traffic stops—"the Court [finds] that Respondent has not met his burden in establishing he is NOT a DTC/Public Safety Risk." (*Id.*) The judge further found that "Respondent has not met his burden in establishing he is a suitable bail risk" because he had not submitted proof of a fixed address or ownership of property in the United States and had been living in the United States for 12–13 years without filing any application with the immigration court. (*Id.*)

Salguero Portillo now seeks, among other relief, a bond hearing where the government bears the burden of showing that he poses a flight risk or danger to the community. (Doc. 1 at 7).

## II. Discussion

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

To the extent Salguero Portillo asserts a bona fide due process claim challenging the framework used to determine whether he should be detained,

"[i]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).[1] Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal punctuation and citation omitted). Thus, the Court will consider whether Salguero Portillo's current detention complies with due process.

Courts looks to three factors when considering the process due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Here, all three factors weigh in Salguero Portillo's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of

---

[1] Conversely, the Court does not have jurisdiction to review an immigration judge's discretionary bond decisions. 8 U.S.C. § 1226(e).

erroneous deprivation of that interest is substantial here. While neither the Supreme Court nor the Eleventh Circuit has established a constitutionally acceptable length of detention under 1226(a), the longer the detention, the greater the concern. And facts that could justify a brief detention might not justify a longer one. The fact that Salguero Portillo's detention now exceeds three months and could conceivably last indefinitely—despite his familial ties to Florda and his lack of a non-traffic-related criminal history—raises constitutional concerns. Third, the government has not established a legitimate interest in continuing to detain Salguero Portillo. It is undisputed that Salguero Portillo bore (and did not satisfy) the burden of proof in his first bond hearing. At no point during his detention has ICE been required to show that either goal of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—outweighs Salguero Portillo's right to be free from physical restraint.

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Here, the Court sees value in additional due process safeguards such as a bond hearing in which the government bears the burden of justifying continued detention without bond. *See Velasco Lopez v. Decker*, 978 F.3d 842, 853 (2d Cir. 2020) (comparing the

ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention). A bond hearing where the government bears the burden of proof will preserve the two goals of immigration detention while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854; *see also Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, No. 26-50221, 2026 WL 1906557, at * 16 (5th Cir. Jul. 2, 2026) (recognizing that in § 1226 bond hearings, "the Government must articulate an individualized justification for further detention without bond").

The Court will thus order Respondents to either release Salguero Portillo or bring him before an immigration judge within seven days for a second bond hearing where the government must show that he is a flight risk or danger to the community. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by Salguero Portillo and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006). Salguero Portillo's counsel (if any) must receive at least 48 hours' notice of the hearing, but only if he enters an appearance in the Executive Office of Immigration Review's (EOIR's) online filing system in time to receive the notice. The Court is aware the EOIR is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. If Respondents are unable to ensure that Salguero Portillo timely receives a bond

hearing that complies with this Order, they must release him under reasonable terms of supervision.

Accordingly, it is hereby **ORDERED:**

1.     Ronald Josue Salguero Portillo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this order.

2.     Within **SEVEN (7) DAYS** of this Order, Respondents shall either release Salguero Portillo or bring him before an immigration judge for a second bond hearing where the government must justify his continued detention.

4.     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 16, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record